UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN VOLKMANN, *et al.*,

    Plaintiffs,

v.

SOLID GROUND WASHINGTON, *et al.*,

    Defendants.

Case No. C18-1114RSL

ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. On July 30, 2018, plaintiff filed a complaint, Dkt. # 1, and motion for a temporary restraining order, Dkt. # 4, invoking a litany of disputes with his apartment building, neighbors, truckers in Magnuson Park, and various employees of North Seattle College.

The party seeking a federal venue has the burden of establishing this Court's subject-matter jurisdiction, In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008), and the Court may *sua sponte* consider the issue of subject-matter jurisdiction at any time during the proceeding, Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3).

As the Court noted in its denial of plaintiff's motion for a temporary restraining order, plaintiff's *pro se* complaint seeks more than $10 million in damages based on a litany of claims that include assaults in the downtown YMCA locker room, Dkt. # 1-1 at 6, stalkers and loiterers outside his apartment building, id., pimping of juveniles at the building, id. at 9, truckers and loitering old men in Magnuson Park, id. at 10, disagreements with his college instructors, id. at

ORDER TO SHOW CAUSE - 1

12, hacking of his email account, id. at 16, and wrongful eviction, id. at 25. Most of the reasons he is aggrieved appear to stem from disputes with his apartment building management, which are traditionally matters of state law or municipal ordinance.[1] Plaintiff mentions the First Amendment, but it is not at all apparent from any of his filings what basis in federal law justifies relief from this Court. His filings are not sufficient to invoke the Court's jurisdiction.

For these reasons, plaintiff is ORDERED TO SHOW CAUSE on or before Friday, August 17, 2018, why the Court should not dismiss this action for lack of subject-matter jurisdiction. The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, August 17, 2018.

DATED this 31st day of July, 2018.

*MM S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] For example, the City of Seattle's Just Cause Eviction Ordinance, which appears in Section 22.206.160 of the Seattle Municipal Code, explains that owners cannot take certain actions against tenants. See also *Evictions*, Seattle.gov, http://www.seattle.gov/dpd/codesrules/commonquestions/evictions (last visited Jul. 31, 2018) (providing resources for Seattleites with questions about eviction). Owners also have certain duties and obligations under parts of the Washington Landlord-Tenant Act that appear in Chapter 59.12 of the Revised Code of Washington.

ORDER TO SHOW CAUSE - 2