UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN VOLKMANN,[1]

    Plaintiff,

    v.

SOLID GROUND WASHINGTON, *et al.*,

    Defendant.

NO. C18-1114RSL

ORDER DENYING MOTION FOR RECUSAL

This matter comes before the Court on plaintiff's "Motion to Recuse the Judge" in the above-captioned matter. Dkt. # 9. Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

---

[1] Plaintiff filed his complaint in C18-1114RSL on his own behalf and on behalf of unnamed Doe residents of the apartment complex. Plaintiff is not a lawyer licensed to practice before the bar of this Court, however, and may not represent anyone but himself.

ORDER DENYING MOTION FOR RECUSAL - 1

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff posits that the undersigned (a) "may be biased against the German ethnicity and Christian religion of the plaintiff," (b) "may also have a bias against the manner of presentation of the plaintiff" because of a disability (c) has a presumed allegiance to former President William J. Clinton (who plaintiff asserts is in some way connected to the wrongs of which Solid Ground Washington is accused), and (d) may be under the influence of Solid Ground Washington "as a syndicated crime organization." A litigant's unsupported speculation that a judicial officer may dislike a group to which he or she belongs is not evidence of bias on the officer's part. Nor are remote - or entirely fanciful - connections between a judicial officer and a public figure or party enough to trigger recusal under 28 U.S.C. § 455. None of the circumstances provided in § 455(b) apply, and an objective observer who is informed of all the surrounding facts and circumstances would not reasonably question the impartiality of federal judges simply because they go through a constitutionally required advice and consent process. See 28 U.S.C. § 455(a); Microsoft Corp. v. United States, 530 U.S. 1301, 1302 (2000). Judicial impartiality is presumed (First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000)), and judges are required to hear matters over which they have jurisdiction when there is no legitimate reason to recuse (Clemens v. U.S. Dist. Court, 428 F.3d 1175, 1179 (9th Cir. 2005)). Reasonable observers of the federal judiciary understand that judges have many contacts in the legal and political community and are often called upon to put personal relationships aside in favor of resolving disputes on the facts and the law presented. See, e.g., U.S. v. Mosesian, 1992 WL 197408 at *5 (9th Cir. Aug. 18, 1992); Matter of Mason, 916 F.2d 384, 387 (7th Cir. 1990). In this instance, there is only the barest connection between

ORDER DENYING MOTION FOR RECUSAL - 2

the undersigned and former President Clinton, and no connection at all with Solid Ground Washington. Plaintiff's speculation does not provide the missing evidence of bias.

Plaintiff's other allegations of bias involve the undersigned's decisions in this and another case filed on the same day. Plaintiff asserts that the Court was "dismissive, at times cavalier" when reviewing his complaint in this case and, in a recent decision in <u>State of Wash. v. U.S. Dep't of State</u>, C18-1115RSL, showed hostility to the First Amendment rights plaintiff seeks to vindicate here. As noted above, plaintiff may not use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. To the extent a litigant disagrees with the undersigned's decisions, such issues are properly raised through an appeal to the Ninth Circuit, not a motion to recuse. Mere error is not evidence of bias, and plaintiff has not shown the type of extraordinary error or illogic that might give rise to an inference that the decisions were motivated by anything other than the relevant facts and applicable law. Where, as in this case, the only evidence of bias presented is the judge's substantive and procedural decisions, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See <u>Ex Parte Am. Steel Barrel Co. and Seaman</u>, 230 U.S. 35, 44 (1913).

Plaintiff has not provided any evidence of bias or prejudice and has not shown that the undersigned's impartiality could reasonably be questioned. The motion to recuse is therefore DENIED. Pursuant to Local General Rule 8(c), the recusal request is hereby referred to the Honorable Ricardo S. Martinez for review.

Dated this 4th day of September, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECUSAL - 3