UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN VOLKMANN,

    Plaintiff,

    v.

SOLID GROUND WASHINGTON, *et al.*,

    Defendants.

CASE NO. C18-1114RSM

ORDER ON REVIEW OF MOTION FOR RECUSAL

This matter comes before the Court on Plaintiff's Motion to Recuse the Judge. Dkt. #9. On Plaintiff's Motion, U.S. District Judge Robert S. Lasnik declined to recuse himself. Dkt. #12. In accordance with the Local Rules of this District, the matter was then referred to the Undersigned for review. LCR 3(f).

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Further, section 144 of title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such

ORDER – 1

> judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Plaintiff's motion is primarily based upon disagreement with prior decisions by Judge Lasnik. In this case, Plaintiff points to "[t]he Judge's cavalier handling of the complaint." Dkt. #9 at 2. This appears premised on Judge Lasnik's denial of a temporary restraining order (Dkt. #5) and a subsequent order to show cause as to the Court's jurisdiction in this matter (Dkt. #6). Plaintiff also takes issue with Judge Lasnik's rulings in a case that did not involve

ORDER – 2

Plaintiff.[1] Dkt. #9 at 2. The only apparent relevance of the other case is that it dealt with the First Amendment of the United States Constitution, which Plaintiff alleges is also implicated in his case. *Id.* But a judge's prior rulings are "almost never" sufficient grounds for recusal and an objective review of the prior decisions does not demonstrate that Judge Lasnik cannot impartially preside over this matter.

Plaintiff also alleges that Judge Lasnik may be biased because of Plaintiff's Germanic ethnicity, Plaintiff's Christian religion, the "manner of presentation of the plaintiff . . . reflect[ing] in part plaintiff's likely disability of Post Traumatic Stress Syndrome," Judge Lasnik's allegiance to former President Clinton,[2] and Solid Ground Washington's possible influence over the courts "as a syndicated crime organization." Dkt. #9 at 1–2. Plaintiff's allegations, for which he provides no factual basis, do not establish bias or the appearance of bias. Plaintiff's vague and conclusory allegations are not those that would lead a reasonable person to believe that Judge Lasnik would not be capable of remaining impartial in this matter.

Accordingly, the Court finds and ORDERS that Judge Lasnik's Order Denying Motion for Recusal (Dkt. #12) is AFFIRMED.

The Clerk shall provide a copy of this Order to Plaintiff at 4244 University Way NE #45123, Seattle, Washington, 98105.

DATED this 10 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] State of Washington v. U.S. Dept. of State, C18-1115RSL.

[2] Judge Lasnik was appointed by former President Clinton, who Plaintiff alleges is implicated in "a proposed theory in this matter" but who is not mentioned in the Complaint. Dkt. #9 at 2.

ORDER – 3