UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN VOLKMANN,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLID GROUND WASHINGTON, *et al.*,<br><br>    Defendants. | NO. C18-1114RSL<br><br>ORDER EXTENDING TIME IN WHICH TO FILE AMENDED COMPLAINT |

This matter comes before the Court on plaintiff's "Motion and Notice - For Leave to File Amended Complaint and Serve Complaint, and Waiver of Current Deadlines." Dkt. # 17. The Court previously granted plaintiff's motion to consolidate two causes of action and directed him to file an amended consolidated complaint by September 25, 2018. He did not do so, nor has he shown good cause for an extension of the deadline under Fed. R. Civ. P. 16.[1] Nevertheless, the Court will exercise its discretion to allow plaintiff to file an amended complaint on or before November 16, 2018.

As previously noted, unless and until plaintiff retains counsel, he may not pursue this litigation on behalf of any persons or entities other than himself. To the extent plaintiff's motion

---

[1] A vague reference to a "disabled condition" and a two-line doctor's note requesting "an extension on all . . . court pleadings" do not show that plaintiff was diligent in his efforts to draft and file an amended complaint within the time allowed.

ORDER EXTENDING TIME - 1

includes a request for appointment of counsel, it is denied. Unlike indigent defendants in criminal cases, civil litigants have no constitutional right to counsel at the expense of another. Although the judiciary will sometimes request that members of the bar assist plaintiffs under the authority of 28 U.S.C. § 1915(e)(1), it does so only in exceptional circumstances. See <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether to appoint counsel, the courts of the Ninth Circuit generally consider whether plaintiff is indigent, the likelihood of success on the merits, and plaintiff's ability "to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). At present, plaintiff has failed to allege facts that suggest a likelihood of success on the merits or shown exceptional circumstances that justify requiring an attorney to represent him for free.

Plaintiff has until November 16, 2018, to file an amended complaint. To that extent, his motion (Dkt. # 17) is GRANTED. Plaintiff's amended complaint must be a self-contained document naming each person or entity against whom he seeks relief, setting forth the basis of the Court's jurisdiction, and alleging facts that give rise to a plausible inference that each defendant has violated his legal rights and can be held liable for that violation. Failure to timely file the required amendment will result in dismissal of this action. No further extensions will be granted absent an affirmative showing that plaintiff was diligent in his efforts to comply with the November 16, 2018, deadline.

The initial scheduling dates set forth in Dkt. # 16 are hereby VACATED. A new order regarding initial disclosures and joint status report will be issued after the amended complaint is filed.

ORDER EXTENDING TIME - 2

Dated this 24th day of October, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER EXTENDING TIME - 3